**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

DEC 1 3 2018

BY
DEPUTY_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO. 2:18cr14 |
| V. | § | |
| | § | JUDGES Gilstrap / Payne |
| ROGER DALE HALL (01) | § | |
| DENISE MICHELLE TAYLOR (02) | § | SEALED |
|   a.k.a. "Dizzy" | § | |
| CHRISTOPHER DEWAYNE BUNN (03) | § | |
| SHAUN DALE WEEKS (04) | § | |
| JESSIE DARWIN EZELL (05) | § | |
| DARRELL LYNN GAGE, JR. (06) | § | |
| KENNY OKEITH HARRIS (07) | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### COUNT ONE

> Violation:   21 U.S.C. § 846
> (Conspiracy to Distribute and Possess with
> Intent to Distribute Methamphetamine)

Beginning in or about August 2017, the exact date being unknown to the United

States Grand Jury, and continuing thereafter until at least the date of the return of this

indictment, in the Eastern District of Texas, **Roger Dale Hall**, **Denise Michelle Taylor**,

**Christopher Dewayne Bunn**, **Shaun Dale Weeks**, **Jessie Darwin Ezell**, **Darrell Lynn**

**Gage, Jr.**, and **Kenny Okeith Harris** did knowingly and intentionally, combine,

conspire, confederate, and agree with each other and with others, both known and

unknown to the United States Grand Jury, to violate a law of the United States of

America, to wit, 21 U.S.C. § 841(a)(1), prohibiting the possession with intent to

distribute and distribution of 5 grams or more of actual methamphetamine or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 846.

## COUNT TWO

Violation:   18 U.S.C. § 922(g)(1)
(Felon in Possession of a Firearm)

On or about February 11, 2018, in the Eastern District of Texas, defendant **Shaun Dale Weeks**, having been convicted of an offense punishable by a term of imprisonment exceeding one year, specifically:

1) Burglary of a Habitation, a felony, in the 115th District Court of Upshur County, Texas, Cause No. 11,053, on May 29, 1998;

2) Possession of a Controlled Substance, a felony, in the 115th District Court of Upshur County, Texas, Cause No. 13,373, on December 22, 2003; and

3) Possession with Intent to Distribute Methamphetamine, a felony, in the United States District Court for the Eastern District of Texas, Cause No. 6:06CR00046-008, on December 20, 2006;

did knowingly and intentionally possess in and affecting interstate and foreign commerce, a firearm, to wit:   a Taurus, model PT111 Millennium G2, 9mm caliber pistol, said firearm having been shipped and transported in interstate commerce.

In violation of 18 U.S.C. § 922(g)(1).

## COUNT THREE

Violation:   18 U.S.C. § 922(g)(1)
(Felon in Possession of a Firearm and
Ammunition)

On or about August 3, 2018, in the Eastern District of Texas, defendant

**Christopher Dewayne Bunn,** having been convicted of an offense punishable by a term

of imprisonment exceeding one year, specifically:

1) Conspiracy to Distribute and to Possess with Intent to Distribute
   Methamphetamine, a felony, in the United States District Court for the
   Eastern District of Texas, in Cause No. 6:09CR00005-001, on November 5,
   2009; and

2) Possession of a Controlled Substance – Methamphetamine, a felony, in the
   115th District Court of Upshur County, Texas, Cause No. 12,995, on
   August 25, 2010;

did knowingly and intentionally possess in and affecting interstate and foreign commerce,

firearms, to wit:

1) a Ruger, model 10/22, .22 caliber rifle; and,

2) an Iver Johnson Arms, model Champion, 12 gauge shotgun;

said firearms having been shipped and transported in interstate commerce.

In violation of 18 U.S.C. § 922(g)(1).

## COUNT FOUR

> <u>Violation</u>:   18 U.S.C. § 924(c)
> (Use, Carrying, and Possession of a Firearm
> During and in Furtherance of a Drug
> Trafficking Crime)

On or about February 27, 2018, in the Eastern District of Texas, defendant **Kenny Okeith Harris**, did knowingly and intentionally use, carry, and possess a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, as charged in Count One of this indictment, in violation of 21 U.S.C. § 846, and in furtherance of said crime possessed a Remington, model M887, 12 gauge shotgun.

In violation of 18 U.S.C. § 924(c).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, & 28 U.S.C. §2461

As the result of committing one or more of the foregoing offenses alleged in this indictment, the defendants herein shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853 and 28 U.S.C. § 2461:

1.  any property constituting, or derived from, and proceeds the defendants obtained, directly or indirectly, as the result of such violations;

2.  any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, and/or;

3.  any and all firearms, ammunition and accessories seized from the defendants, including but not limited to the following:

    1)  a Taurus, model PT111 Millennium G2, 9mm caliber pistol, bearing serial number TK049331, and eight (8) rounds of 9mm caliber ammunition;

    2)  a Remington, model M887, 12 gauge shotgun, bearing serial number ARM061966, and six (6) shotgun shells;

    3)  Tula Mosin Nagant, 30 caliber rifle, bearing serial number 222041;

    4)  a Ruger, model 10/22, .22 caliber rifle, bearing serial number 259-65793 with magazine, and one (1) rounds of .22 caliber ammunition; and

    5)  an Iver Johnson Arms, model Champion, 12 gauge shotgun, bearing serial number RFFF and fifty-five (55) shotgun shells.

**Cash Proceeds**

$15,000.00 in United States currency and all interest and proceeds traceable thereto, in that such sum is proceeds obtained directly or indirectly as a result of the commission of the aforesaid violations.

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    (a)     cannot be located upon the exercise of due diligence;

    (b)     has been transferred or sold to, or deposited with a third person;

    (c)     has been placed beyond the jurisdiction of the court;

    (d)     has been substantially diminished in value; or

    (e)     has been commingled with other property which cannot be
subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendants.

By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853 and 28 U.S.C. § 2461.

A TRUE BILL

*M AF*

GRAND JURY FOREPERSON

JOSEPH D. BROWN
UNITED STATES ATTORNEY

LUCAS MACHICEK
Assistant United States Attorney

Dec. 13, 2018

Date

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO. _____ |
| V. | § | |
| | § | JUDGES _____ |
| ROGER DALE HALL (01) | § | |
| DENISE MICHELLE TAYLOR (02) | § | SEALED |
|    a.k.a. "Dizzy" | § | |
| CHRISTOPHER DEWAYNE BUNN (03) | § | |
| SHAUN DALE WEEKS (04) | § | |
| JESSIE DARWIN EZELL (05) | § | |
| DARRELL LYNN GAGE, JR. (06) | § | |
| KENNY OKEITH HARRIS (07) | § | |

## NOTICE OF PENALTY

### COUNT ONE

Violation:            21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1)

Penalty:             If 5 grams or more of methamphetamine (actual) or
                       more than 50 grams of a mixture containing a
                       detectable amount of methamphetamine –

                       Imprisonment for a term of not less than 5 years or
                       more than 40 years in prison, a fine not to exceed
                       $5,000,000, or both, and a term of supervised release
                       of at least 4 years.

                       If this violation was committed after a prior conviction
                       for a felony drug offense has become final, not less
                       than 10 years nor more than life, a fine not to exceed
                       $8,000,000, or both, and a term of supervised release
                       of at least 8 years.

Special Assessment:    $100.00

## COUNTS TWO-THREE

| | |
|---|---|
| Violation: | 18 U.S.C. § 922(g)(1) |

Penalty:

Imprisonment for not more than 10 years, a fine not to exceed $250,000, or both, and supervised release of not more than 3 years.

If a defendant has three previous convictions by any court referred to in 18 U.S.C. § 922(g)(1) for a violent felony or a serious drug offense, or both, committed on occasions different from one another, said defendant shall be fined not more than $250,000.00 and imprisoned not less than 15 years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

Special Assessment:     $100.00

## COUNT FOUR

| | |
|---|---|
| Violation: | 18 U.S.C. § 924(c) |

Penalty:

Imprisonment for a term of not less than 5 years or more than life, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, or both, and supervised release of not more than 5 years.

In the case of a second or subsequent conviction of this offense, the term of imprisonment shall not be less than 25 years; which must be served consecutively to any other term of imprisonment; a term of supervised release of not more than 5 years.

Special Assessment:     $100.00